IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

POLO NORTH COUNTRY CLUB, INC.,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

## **DEFENDANT'S NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§1441, 1446, 1332 and 1348, Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), hereby removes the state court action entitled *Polo North Country Club, Inc. v. Wells Fargo Bank, N.A.*, Case No. 502016CA001361XXXXMB, from the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida, and in support hereof, states:

**I.     PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS**

Plaintiff, Polo North Country Club, Inc. ("Polo"), filed its Complaint on February 9, 2016. See Complaint ("Compl."), Composite Exhibit "A" ("Ex. A"). Polo served the Complaint upon Wells Fargo on February 18, 2016. (Notice of Service of Process, Ex. A). The only cause of action in the Complaint is for Promissory Estoppel, which includes alleged damages of $300,000.00. (Compl. ¶¶13–17). Polo admits that it is a Florida corporation, (Compl. ¶1), and that Wells Fargo is a national banking institution. (Compl. ¶2). Further, Polo alleges as follows:

1. On or about April 7, 2015, Polo closed on the purchase of a hotel and casino, formerly known as the Revel Hotel & Casino, in Atlantic City, New Jersey (the "Revel Property"). (Compl. ¶5).

2. At that time, a contract dispute existed between the former owner of the Revel Property and ACR Energy Partners ("ACR"), the power service provider to the Revel Property. (Compl. ¶6).

3. On or about April 9, 2015, ACR disconnected power to the Revel Property. (Compl. ¶7).

4. Following the disconnect of power, Wells Fargo, the lender of the former Revel Property owner, promised to gift $300,000.00 to Polo contingent upon, *inter alia*, Polo's use of the funds to re-energize safety equipment and lighting ("Stated Purposes"). (Compl. ¶8).

5. Polo relied upon Wells Fargo's promise and changed its position by committing to ACR to use the funds for the Stated Purposes. (Compl. ¶10).

6. ACR re-energized the Revel Property at the cost of utilities only, and Polo incurred the resulting costs. (Compl. ¶¶10, 15).

Polo now seeks a judgment against Wells Fargo for $300,000.00.

## II.    GROUNDS FOR REMOVAL

Wells Fargo's basis for removal is diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1348. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Here, Polo seeks judgment in the mount of $300,000.00. (Compl. ¶16). Accordingly, the amount in controversy required by § 1332 is satisfied.

As for Wells Fargo's citizenship, a national bank is deemed to be a citizen in the state designated in its articles of association as its main office. "All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. "[O]ne would sensibly 'locate' a national bank for …qualification for diversity jurisdiction, in the State designated in its articles of association as its main office." Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006); Rouse v. Wachovia Mortg., FSB, 747 F.3d 707, 709 (9th Cir. 2014) ("[U]nder 28 U.S.C. § 1348, a national bank is a citizen only of the state in which its main office is located.").

Here, Wells Fargo is a national bank. Compl. ¶2. The state designated in Wells Fargo's articles of association as its main office is South Dakota. As such, Wells Fargo is located in and, therefore, deemed a citizen of South Dakota. 28 U.S.C. § 1348; Wachovia Bank, 546 U.S. at 318; Rouse, 747 F.3d at 709. As Polo is a citizen of Florida, (Compl. ¶1), this matter is between citizens of different states.

Because the amount in controversy requirement is met, and the matter is between citizens of different states, this Court has original jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332 and 1348, based on diversity of citizenship.

### III.   PROCEDURAL REQUIREMENT FOR REMOVAL HAVE BEEN SATISFIED

#### A.   Wells Fargo May Remove this Action.

Wells Fargo, the only defendant in this action, has the power to remove this action. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This Court has original jurisdiction over this action based on diversity of citizenship.

Therefore, Wells Fargo, as the only defendant, has the power to remove this action. This action is pending in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida. As such, the United States District Court for the Southern District of Florida embraces the place where this action is pending. Accordingly, Wells Fargo may remove this action to this Court.

### B. The Notice of Removal is Timely.

This Notice of Removal is timely under 28 U.S.C. § 1446(b), which requires that a notice of removal be filed within 30 days of service of process. Polo served Wells Fargo on February 18, 2016. (Notice of Service of Process, Ex. A). This Notice is filed within 30 days of February 18, 2016. Accordingly, this Notice of Removal is timely.

### C. Notice Will be Served to Plaintiff.

After filing this Notice of Removal, Wells Fargo will promptly serve written notice of the Notice of Removal on counsel for Plaintiff and file the same with the Clerk of the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida in accordance with 28 U.S.C. § 1446(d).

### D. Copies of State Court Process, Pleadings, and Orders Are Attached.

Pursuant to 28 U.S.C. § 1446(a), copies of the process, pleadings and orders in the state court action are attached to this Notice of Removal as Composite Exhibit "A."

## IV. CONCLUSION

Based on the reasons above, Wells Fargo removes the state court action entitled *Polo North Country Club, Inc. v. Wells Fargo Bank, N.A.*, Case No. 502016CA001361XXXXMB from the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida.

DATED: March 18, 2016.

                    Respectfully submitted,

                    GUNSTER, YOAKLEY & STEWART, P.A.
*Attorneys for Wells Fargo Bank, N.A.*
450 E. Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301
Telephone:    954-462-2000
Facsimile:    954-523-1722

By: /s/ Steven A. Lessne
STEVEN A. LESSNE, ESQ.
Florida Bar No. 107514
slessne@gunster.com
eservice@gunster.com
lvanegas@gunster.com
DARLENE BARRON, ESQ.
Florida Bar No. 0108873
dbarron@gunster.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of March, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on Larry A. Zink, Esquire, Counsel for Plaintiff, zinklaw3711@yahoo.com, Zink, Zink & Zink, Co., L.P.A., 1198 Hillsboro Mile, Suite 244, Hillsboro Beach, FL 33062, via email and U.S. Mail.

GUNSTER, YOAKLEY & STEWART, P.A.
*Attorneys for Wells Fargo Bank, N.A.*
450 E. Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301
Telephone:	954-462-2000
Facsimile:	954-523-1722

By: /s/ Steven A. Lessne
STEVEN A. LESSNE, ESQ.
Florida Bar No. 107514
slessne@gunster.com
eservice@gunster.com
lvanegas@gunster.com
DARLENE BARRON, ESQ.
Florida Bar No. 0108873
dbarron@gunster.com